The document below is hereby signed.

Signed: November 17, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAPITOL HILL GROUP, | ) | Case No. 02-00359 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| PILLSBURY WINTHROP SHAW | ) | |
| PITTMAN, LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 10-10027 |
| | ) | |
| CAPITOL HILL GROUP, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

<u>MEMORANDUM DECISION RE PLAINTIFF'S MOTION TO RECONSIDER</u>

Shaw Pittman LLP, now known by way of merger as Pillsbury Winthrop Shaw Pittman LLP, seeks reconsideration of this court's prior decision. That decision addressed the parties' agreement that Shaw Pittman would "not be fighting with CHG about [its] fee applications," and construed the agreement as an agreement that Capitol Hill Group would not object to certain of Shaw Pittman's fee applications filed in Capitol Hill Group's bankruptcy case.

Shaw Pittman argues that CHG's malpractice claims would be

covered by the agreement because as a "defense" to a fee application, a malpractice claim is a fight over, or contest to, a fee application, just like an objection.  But Capitol Hill Group did not fight the pertinent fee applications by raising the malpractice claims as a defense.  The fee applications were uncontested, and Shaw Pittman received orders granting its fee applications without a fight.  Capitol Hill Group lived up to its bargain.

Shaw Pittman further argues that the agreement necessarily incorporated bankruptcy law as part of its terms.  *See Wright v. Union Cent. Life Ins. Co.*, 304 U.S. 502, 516 (1938); *Farmers & Merchants Bank v. Fed. Reserve Bank*, 262 U.S. 649, 660 (1923).  The agreement, Shaw Pittman argues, thus incorporated the rule (based on res judicata) that a malpractice claim, known or knowable, but not asserted as a defense to a fee application is forever lost.  Capitol Hill Group does not dispute this point, and correctly observes that Shaw Pittman's argument conflates the doctrine of res judicata and the terms of the no-objection-agreement.

In failing to raise malpractice as a defense to the pertinent fee applications, and later fee applications that were *not* subject to the no-objection-agreement, Capitol Hill Group subjected itself to the risk that it might be unable to overcome a defense of res judicata if it were later to discover and assert

malpractice claims.  Indeed, the District Court found that Capitol Hill Group's later assertion of the malpractice claims (seeking damages far in excess of the fees that were the subject of the no-objection-agreement) *was* barred by the legal doctrine of res judicata, but the District Court did not rely on the no-objection-agreement in reaching this ruling.  *See Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143 (D.D.C. 2008).  That the legal doctrine of res judicata was found to bar Capitol Hill Group from later asserting its malpractice claims does not demonstrate that Shaw Pittman agreed not to pursue malpractice claims in the no-objection-agreement.

In the malpractice claim litigation, Capitol Hill Group presumably took the position that the malpractice claims were not known or knowable during the bankruptcy fee litigation. Assertion of malpractice claims with knowledge that the claims were barred by res judicata might have subjected it to sanctions under Fed. R. Civ. P. 11.  No such sanctions were sought. Instead, Shaw Pittman presses its misguided contention that the no-objection-agreement barred the assertion of the malpractice claims, and entitled it to fees when they were asserted, as though the no-objection-agreement barred the claims even if Capitol Hill Group's assertion of them passed Rule 11 standards with respect to the issue of whether the claims were "known or knowable" or were otherwise immune from the defense of res

judicata.  The no-objection-agreement could not have been intended to bar the assertion of malpractice claims as to which the assertion that res judicata was inapplicable would pass Rule 11 standards.  Even if the assertion of the malpractice claims was plainly barred by res judicata, the remedy was Rule 11 sanctions, not to contort the no-objection-agreement into a separate vehicle for punishing Capitol Hill Group for filing malpractice claims barred by res judicata.

Accordingly, Shaw Pittman's motion for reconsideration will be denied, and summary judgment will be entered in favor of Capitol Hill Group.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.